UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN P. LANE, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendants*. | §§§§§§§§§§§§ Civil Action No. 3:19-CV-1492-X |

## ORDER ORDERING STATUS REPORTS

This case is a putative class action seeking remuneration from the ATF Rule declaring bump stocks illegal. At the request of the parties, the Court cancelled a hearing on the motion to dismiss until the Federal Circuit resolved two similar lawsuits: *McCutchen v. United States* (No. 20-1188) and *The Modern Sportsman, LLC v. United States* (No. 20-1107). The Federal Circuit resolved those lawsuits, holding that there was no compensable taking because the plaintiffs lacked a property interest in their bump stock. The *McCutchen* rationale was that "the federal-law prohibition on possession and transfer [of machine guns and parts], together with a congressional grant of implementation authority, predated the existence, let alone plaintiffs' possession, of the bump-stock-type devices."[1] . The Supreme Court denied certiorari in November 2022.[2]

---

[1] *McCutchen*, No. 20-1188, Doc. 44 at 18 (Fed. Cir. 2021)
[2] *McCutchen v. United States*, 143 S.Ct. 422 (Nov. 14, 2022).

1

This Court did not request a status update from the parties because of a separate Fifth Circuit case on whether the ATF bump stock ban was valid. Earlier today, the Supreme Court affirmed that Fifth Circuit case and held that:

> [A] semiautomatic rifle equipped with a bump stock is not a "machinegun" because it cannot fire more than one shot "by a single function of the trigger." And, even if it could, it would not do so "automatically." ATF therefore exceeded its statutory authority by issuing a Rule that classifies bump stocks as machineguns.[3]

Accordingly, the Court **ORDERS** the parties to file no later than 7 days from the date of this order a status report proposing each party's recommended path forward (*e.g.*, whether to file an amended motion to dismiss or whether to proceed on the current motion to dismiss). Each party may file its own status report, and the report is limited to 10 pages.

**IT IS SO ORDERED** this 14th day of June, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *Garland v. Cargill*, No. 22-976, Slip Op. at 6 (U.S. June 14, 2024).