UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| BRIAN P. LANE, individually and, on behalf of all others similarly situated, *Plaintiff*, v. THE UNITED STATES, *Defendant*. | Civil Action No. 3:19-cv-01492-X Judge Brantley Starr |

**DEFENDANT'S MOTION TO STAY OR, IN THE ALTERNATIVE,
FOR EXTENSION OF TIME**

Defendant respectfully requests that the Court stay this case, including staying all deadlines on pending motions. Defendant further requests that the Court rule on this Motion before March 17, 2025, the next deadline for a substantive filing under the current schedule in this case. *See* Dkt. No. 57. The parties have conferred and Plaintiff does not consent to the requested relief.

Plaintiff here challenges a final rule issued by the Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") clarifying that bump stocks—sliding mechanisms that replace a rifle's standard stock to facilitate rapid firing—fall within the statutory definition of machineguns. *Bump-Stock-Type Devices*, 83 Fed. Reg. 66,514 (Dec. 26, 2018) ("Rule"). As detailed in Defendant's Motion to Dismiss, Dkt. No. 51, Plaintiff brought a putative class action in 2019 alleging that ATF's prohibition on the possession of bump stocks amounted to a Fifth Amendment taking— and, following the Supreme Court's decision in *Garland v. Cargill*, 602 U.S. 406 (2024), amended his complaint to add a claim that the Rule constitutes an illegal exaction of property. *See* Am. Compl., Dkt. No. 44.

1

Following the change in administration, President Trump issued an Executive Order on February 7, 2025, titled *Protecting Second Amendment Rights*. Exec. Order No. 14206, 90 Fed. Reg. 9503 (Feb. 12, 2025); *see also* President Donald J. Trump, Presidential Actions: Protecting Second Amendment Rights (Feb. 7, 2025), *available at* https://www.whitehouse.gov/presidential-actions/2025/02/protecting-secondamendment-rights. Among other things, the Order directs the Attorney General to "examine" various "actions of executive departments and agencies" to "assess any ongoing infringements of the Second Amendment rights of our citizens, and present a proposed plan of action to the President, through the Domestic Policy Advisor, to protect the Second Amendment rights of all Americans." *Id.* § 2(a). The Order specifically directs the Attorney General, as part of that process, to review "[t]he positions taken by the United States in any and all ongoing and potential litigation that affects or could affect the ability of Americans to exercise their Second Amendment rights." *Id.* § 2(b)(v).

In light of that development, Defendant respectfully bring the stay request detailed above. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay here will conserve party and judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership. Defendant respectfully proposes to update the Court with status reports every 60 days.

Should the Court determine not to issue a stay in this case, Defendant respectfully requests, in the alternative, a thirty-day extension of time, to and including **April 16, 2025**, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7.1 of the Court's local rules, to file its reply in

support of Defendant's Motion to Dismiss, Dkt. No. 51. Counsel for Defendant will soon move to withdraw, as counsel is departing the Department of Justice on March 12, 2025; the request for extension reflects both the need for substitution of counsel and the recent Executive Order, discussed above.

In light of these developments, Defendant respectfully requests an additional thirty days. This is Defendant's third request for extension on its reply brief. The first extension was granted due to substitution of counsel. *See* Defendant's Consent Mot. for Extension of Time, Dkt. No. 53. Defendant's second extension was granted in light of the change of administration, to allow Defendant to confer with new leadership within the Department of Justice and at the relevant agencies. *See* Defendant's Consent Mot. for Extension of Time, Dkt. No. 56. The undersigned reached out to Plaintiff's counsel regarding this request, to which Plaintiff's counsel does not consent.

A proposed order accompanies this motion.

Dated: March 9, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

*/s/ Alexandra Widas*
Alexandra Widas (D.C. Bar No. 1645372)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 616-8472
Facsimile: (202) 616-8460
Email: alexandra.j.widas@usdoj.gov

*Counsel for Defendant*

3

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 6, 2025, counsel for Defendant conferred with counsel for Plaintiff on the instant motion, to which counsel for Plaintiff did not consent.

/s/ Alexandra Widas
Alexandra Widas
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch