UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| BRIAN P. LANE, individually and, on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*. | Civil Action No. 3:19-cv-01492-X <br> Judge Brantley Starr |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7.1 of the Court's local rules, Defendant, the United States, respectfully requests a 40-day extension of time, to and including August 12, 2025, of the Proposal deadline set forth in the Court's June 4, 2025, Order. The Proposal deadline is currently July 3, 2025. We also respectfully request that the deadline set forth in the June 4, 2025, Order for the meeting of counsel, set currently as at least 14 days prior to the July 3, 2025 Proposal deadline (which would be June 19, 2025) also be extended by the same 40 days. This is Defendant's first request for an extension with respect to the deadlines in the Court's June 4, 2025, Order, Dkt. No. 68. Counsel for the parties have conferred and Plaintiff does not oppose the requested relief.

Plaintiff in this case challenges a rule issued by the Department of Justice's Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF) that bump stocks fall within the statutory definition of machineguns. *Bump-Stock-Type Devices*, 83 Fed. Reg. 66,514 (Dec. 26, 2018) (Rule). Plaintiff has brought a putative class action alleging that ATF's prohibition on the possession of bump stocks amounted to a Fifth Amendment taking, and following the Supreme Court's decision in *Garland v. Cargill*, 602 U.S. 406 (2024), amended his complaint with an additional claim that the

1

Rule constitutes an illegal exaction of property. *See* Am. Compl., Dkt. No. 44. On June 4, 2025, the Court denied Defendant's motion to dismiss the takings claim, and granted the motion with respect to the illegal exaction claim. Dkt. No. 67. On the same day, the Court issued the June 4, 2025, Order, Dkt. No. 68, "to promote possible early settlement of this action and to facilitate subsequent entry of a Scheduling and Discovery Order." Dkt. 68 at 1. The Order requires an attorney conference at least 14 days before the July 3, 2025, deadline for filing proposals regarding a Scheduling and Discovery Order. *Id.* The Order further requires that counsel "determine in good faith whether this case can be settled before additional expenses are incurred." *Id.*

Good cause supports Defendant's requested extension of the deadlines in the June 4, 2025, Order. In light of the Court's decision on the government's motion to dismiss, and in accordance with the Order, the government believes that the parties should engage in serious settlement discussions at this juncture to determine whether this case can be settled before the parties proceed any further. However, in light of the nature of this case and the number of individuals at the Department of Justice and at ATF who will need to be involved in discussions, the government requests the additional time to facilitate these discussions and to ensure that they are meaningful.

In addition, a number of other considerations further support the requested extension including lead counsel's work on several other matters. Lead counsel is preparing a response brief in *Ligado Networks, LLC v. United States*, No. 25-1792 (Fed. Cir.), a takings case where the plaintiff is seeking approximately $40 billion. That brief will require a very substantial amount of work over the next several weeks. He also has a complaint response due on June 23, 2025 in *Gilles v. United States*, No. 697 (Fed. Cl.), a takings case involving the Federal eviction moratorium, and a reply brief due in *Slide Fire Solutions, LLC v. United States*, No. 25-425 (Fed. Cl.) due on June 27, 2025. He has also spent a substantial amount of time working on an expedited bid protest in *Gemini Tech Services, LLC v. United States*, No. 25-484 (Fed. Cl.) and oral argument is likely to be scheduled in that case in the

next few weeks. He is also on bid protest duty during the week of June 23rd in addition to having depositions during that week. Lead counsel is also scheduled to present oral argument in *Yoebstl v. Department of Veterans Affairs*, No. 1052 (Fed. Cir.) on July 8, 2025, which will require a substantial amount of preparation over the next several weeks. Finally, lead counsel will be on leave during a significant portion of the week of June 16, 2025 by which time the attorney conference must take place.

  For these reasons, we respectfully request that the Court grant this motion to extend the July 3, 2025 deadline in the June 4, 2025 Order, Dkt. No. 68, by 40 days, to and including August 12, 2025. In addition, we respectfully request that the Court extend the attorney conference deadline by the same 40 days. A proposed order is attached.

        Respectfully submitted,

        YAAKOV M. ROTH
        Acting Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

        /s/Eric P. Bruskin
        ERIC P. BRUSKIN
        Assistant Director

        /s/Nathanael B. Yale
        NATHANAEL B. YALE
        (NY Bar 4417861)
        Senior Trial Counsel
        Commercial Litigation Branch
        Civil Division
        U.S. Department of Justice
        P.O. Box 480
        Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 616-0464
        Facsimile: (202) 353-0461
        nathanael.b.yale@usdoj.gov

        ANDREW I. WARDEN
        Assistant Branch Director
        Federal Programs Branch

June 11, 2025        *Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 10, 2025, counsel for Defendant conferred with counsel for Plaintiff by telephone on the instant motion, to which counsel for Plaintiff did not oppose.

/s/ Nathanael B. Yale
Senior Trial Counsel
U.S. Department of Justice

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |
|---|---|
| BRIAN P. LANE, individually and, on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | Civil Action No. 3:19-cv-01492-X<br>Judge Brantley Starr |

## [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME

This matter comes before the Court on Defendant's Motion for Extension of Time of the Deadlines Set Forth in the Court's June 4, 2025, Order, Dkt. No. 68. For the reasons stated in Defendant's Motion and finding good cause, the Motion is hereby **GRANTED**. The Proposal specified in the June 4, 2025, Order shall be filed on or before August 12, 2025, and the attorney conference deadline shall be extended by the same 40 days.

**It is SO ORDERED**.


Dated this __day of June, 2025.

_____
Hon. Brantley Starr